

> Go to previous versions of this Section    ↓

# 2021 US Code
# Title 42 - The Public Health and Welfare
# Chapter 21 - Civil Rights
# Subchapter I - Generally
# Sec. 1983 - Civil action for deprivation of rights

Download PDF

42 U.S.C. § 1983 (2021)

## §1983. Civil action for deprivation of rights

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

(R.S. §1979; Pub. L. 96–170, §1, Dec. 29, 1979, 93 Stat. 1284; Pub. L. 104–317, title III, §309(c), Oct. 19, 1996, 110 Stat. 3853.)

## EDITORIAL NOTES CODIFICATION

R.S. §1979 derived from act Apr. 20, 1871, ch. 22, §1, 17 Stat. 13.

Section was formerly classified to section 43 of Title 8, Aliens and Nationality.

## AMENDMENTS

**1996**—Pub. L. 104–317 inserted before period at end of first sentence ", except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable".

**1979**—Pub. L. 96–170 inserted "or the District of Columbia" after "Territory", and provisions relating to Acts of Congress applicable solely to the District of Columbia.

## STATUTORY NOTES AND RELATED SUBSIDIARIES EFFECTIVE DATE OF 1979 AMENDMENT

Amendment by Pub. L. 96–170 applicable with respect to any deprivation of rights, privileges, or immunities secured by the Constitution and laws occurring after Dec. 29, 1979, see section 3 of Pub. L. 96–170, set out as a note under section 1343 of Title 28, Judiciary and Judicial Procedure.

United States Code, 2018 Edition, Supplement 3, Title 42 - THE PUBLIC HEALTH AND WELFARE

Bills and Statutes

United States Code

Y 1.2/5:

Title 42 - THE PUBLIC HEALTH AND WELFARE
CHAPTER 21 - CIVIL RIGHTS
SUBCHAPTER I - GENERALLY
Sec. 1983 - Civil action for deprivation of rights



| section 1983 |
| 2021 |
| January 3, 2022 |
| No |
| standard |
| 17 Stat. 13<br>93 Stat. 1284<br>110 Stat. 3853 |
| Public Law 96-170, Public Law 104-317 |

**Disclaimer:** These codes may not be the most recent version. United States may have more current or accurate information. We make no warranties or guarantees about the accuracy, completeness, or adequacy of the information contained on this site or the information linked to on the state site. Please check official sources.

This site is protected by reCAPTCHA and the Google Privacy Policy and Terms of Service apply.

 **Gmail**

Jon F Turpin <jt4590@gmail.com>

---

**Opinion**

Jon F. Turpin <jt4590@gmail.com>
Bcc: braun_casework@braun.senate.gov

Tue, Oct 31, 2023 at 11:50 PM

--------- Forwarded message ---------
From: **Jon F. Turpin** <jt4590@gmail.com>
Date: Tue, Oct 31, 2023 at 11:01 PM
Subject: Re: Opinion
To:

*[handwritten:] Evidence may have been disclosed against rule 26 to an attorney participating in collusion and conspiracy, despite it regarding impeachment of*

# Rule 26. Duty to Disclose; General Provisions Governing Discovery *[handwritten:] Alejandro Mayorkas, and it regarding*

*[handwritten:] civil forfeiture of assets "In rem" which is "why"*

(a) REQUIRED DISCLOSURES.

(1) *Initial Disclosure.* *[handwritten:] I referenced "Napoleonic Eminent Domain"... Maritime law etc.*

   (A) *In General.* Except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties:

      (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for ████████████.

      (ii) a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for **impeachment**;

      (iii) a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered; and

      (iv) for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

   (B) *Proceedings Exempt from Initial Disclosure.* The following proceedings are exempt from initial disclosure:

      (i) an action for review on an administrative record;

      (ii) a forfeiture action in rem arising from a federal statute; *[handwritten:] 42 U.S.C. § 1983*

Sincerely,
**Jon F. D. Turpin, Pro Se, Pro Hac Vice**

[CORRECTION]
On Tue, Oct 31, 2023 at 10:46 PM Jon F. Turpin <jt4590@gmail.com> wrote:
   In my opinion, Ronald J. Moore has violated a declatory decree and attempted to deny me declaratory and coercive relief by causing double jeopardy and preventing appropriate collateral estoppel despite how the case was filed, in my opinion, preventing the plaintiffs from proceeding, [along with prior rulings ]and they have been provided with evidence which may be used for a forfeiture action in rem, and potentially for Mayorkas' impeachment, which may preclude the disclosure requirement in Rule 26, meaning, in my opinion they may have yet again obtained access to infirmation via intrusion and not following the rules of civil procedure, nor even the prior orders of the 5th circuit, and the Indiana Supreme Court Disciplinary Commission.

On Tue, Oct 31, 2023, 10:23 PM Jon F. Turpin <jt4590@gmail.com> wrote:

Even the courts knew in their filing that the case didn't have a valid reason to be filed under seal by how the paperwork is written, [which clearly includes the alleged victims and alleged petitioners purported addresses] and in my opinion... Mr. Moore's last assertions and questions went against the order of the court to uphold my expungment and my 3rd and 4th amendment rights by attempting yet again to attempt to disable me from a compulsory counterclaim via 42 U.S. Code 1983 due to their own actions.

[CORRECTION]

In my opinion, it is yet another attempt to cause double jeopardy in a court without jurisdiction, and it was clarified the alleged victim used to work for Eskenazi Health.



# In The Matter of Ronald J. Moore

Converted file per

FOR THE RESPONDENT       FOR THE INDIANA SUPREME COURT
DISCIPLINARY COMMISSION

Ronald E. Elberger          Donald R. Lundberg, Executive Secretary
Bose, McKinney & Evans, LLP.    Laura Iosue, Staff Attorney
2700 First Indiana Plaza      115 West Washington Street
135 N. Pennsylvania Street      Suite 1165
Indianapolis, IN 46204      Indianapolis, IN 46204

IN THE

SUPREME COURT OF INDIANA

IN THE MATTER OF ) ) Case No. 89S00-0105-DI-230 RONALD J. MOORE )

DISCIPLINARY ACTION

October 17, 2001

Per Curiam

Attorney Ronald J. Moore retained for personal use nearly $20,000 in legal fees in contravention of an agreement which required him to remit such fees to his law firm. To conceal his misconduct, he lied about the fees to other attorneys in the firm. Today we approve a Statement of Circumstances and Conditional Agreement for Discipline between the respondent and the Indiana Supreme Court Disciplinary Commission, which calls for his suspension from the practice of law for this misconduct. See Ind. Admission and Discipline Rule 23, Section 11.

Having been admitted to the bar of this state in 1997, the respondent is subject to our disciplinary jurisdiction.

The facts are undisputed. Two months after graduating from law school in 1997, the respondent was hired as an associate lawyer by a Richmond, Indiana, law firm. The firm and the respondent agreed that the respondent would be paid a salary, that all legal work he performed would be as an agent of the firm, and that all fees he earned would belong to the firm. The respondent's salary was $600 per week from August 4, 1997, until his bar admission on November 3, 1997; $800 per week from November 4, 1997, through December 31, 1998; $900 per week for the 1999 calendar year, with a $4,000 year-end bonus; and $1,000 per week for the 2000 calendar year.

For about 18 months, the respondent's duties at the firm included handling criminal appeals as an appellate public defender for Wayne County. During the course of the public defender contract, the respondent received $11,900 from Wayne County in checks made payable to him. The respondent deposited the checks into his personal bank account and never remitted any of those fees to the firm. At least twice in 1999, members of the firm confronted the respondent about the absence of fees from his public defender work. The respondent told them that he had not been paid yet by Wayne County. By April 2000, members of the firm became so suspicious of the respondent's assertions that they contacted the Wayne County Auditor's Office. They discovered that the respondent had been receiving payments for the public defender work for approximately 18 months. On April 13, 2000, members of the firm confronted the respondent with this information. He admitted he had retained the money. He also disclosed that he had

represented clients charged with drunk driving, charged each $750 for the representation, and deposited all of the fees into his personal bank account, instead of turning them over to the firm as he was required. To avoid detection, the respondent did not enter these cases into the firm's case management system and required the clients pay him directly. The fees improperly retained by the respondent from the public defender contract and from the ten drunk driving clients totaled $19,400.

We find that, by his theft of funds that pursuant to agreement belonged to the law firm, the respondent violated Ind. Professional Conduct Rule 8.4(b), which provides that an attorney commits professional misconduct when engaging in a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects. We also find that by lying to his colleagues about those fees, the respondent violated Prof.Cond.R. 8.4(c), which provides that a lawyer commits professional misconduct when engaging in conduct involving dishonesty, fraud, deceit or misrepresentation.

Given our finding of misconduct, we must determine an appropriate discipline. The parties agree that an 18-month suspension from the practice of law is warranted. In determining appropriate discipline, we consider the misconduct, the respondent's state of mind underlying the misconduct, the duty of this court to preserve the integrity of the profession, the risk to the public in allowing the respondent to continue in practice, and any mitigating or aggravating factors. Matter of Mears, 723 N.E.2d 873 (Ind. 2000).

In mitigation, the parties agree that the respondent paid the firm $20,000, which included the fees he wrongfully retained plus interest, within one month after his wrongdoing was discovered and before any disciplinary investigation was pending. The respondent underwent counseling and has satisfied the personal financial obligations which contributed to his decision to commit the misconduct. Joined by members of his firm, the respondent voluntarily reported his misconduct to the Disciplinary Commission. He also has met individually with the judges in Wayne County and with members of the Wayne County Bar Association to admit his misconduct.

In aggravation, the parties note the respondent planned his conversion of funds and perpetuated this scheme for at least 18 months by lying about it on two occasions when members of the firm confronted him. The parties further agree the respondent's actions demonstrate a pattern of misconduct both in terms of the types of funds he converted -- both public defender contract checks and funds from ten clients -- and in the repetitive nature of his actions. The parties also note the respondent's actions were motivated by personal financial stress and occurred shortly after he graduated from law school when he was earning from $41,600 to $52,000 annually.

In a similar case, we suspended an attorney who retained fees belonging to the attorney's firm. Matter of Miller, 730 N.E.2d 171 (Ind. 2000). Given the respondent's carefully planned and executed deception in this case, we conclude that the agreed suspension is appropriate.

Accordingly, the respondent, Ronald J. Moore, is hereby suspended from the practice of law for not fewer than eighteen (18) months, beginning November 19, 2001, at the conclusion of which he shall be eligible to petition for reinstatement pursuant to Admis.Disc.R. 23(4).

The Clerk of this Court is directed to provide notice of this order in accordance with Admis.Disc.R. 23(3)(d) and to provide the Clerk of the United States Court of Appeals for the Seventh Circuit, the Clerk of each of the United States District Courts in this state, and the Clerk of each of the United States Bankruptcy Courts in this state with the last known address of the respondent as reflected in the records of the Clerk.

Costs of this proceeding are assessed against the respondent.

This site is protected by reCAPTCHA and the Google Privacy Policy and Terms of Service apply.

2.   Attorney information for service as required by Trial Rule 5(B)(2)

Attorney Number:  20278-89

Name:  Ronald Moore

Address:  113 S 3RD ST   RICHMOND  IN  47374

Phone:  7659627700

Email Address:  ron@themoorelawfirm.com

*(List on continuation page additional attorneys appearing for above party.)*

3.   This is a PO/IQ case type as defined in administrative Rule 8(B)(3).

4.   This case involves a protection from abuse order, a workplace violence restraining order,
or a no — contact order.  Yes ___✓___   No ___   *(If Yes, the initiating party must transmit...*

address for the purpose of legal service but that address should not be one that exposes the whereabouts of a petitioner.) The party shall use the following address for purposes of legal service:

_____ Attorney's address        ron@themoorelawfirm.com

_____ The Attorney General Confidentiality program address

(contact the Attorney General at 1-800-321-1907 or e-mail address at confidential@atg.in.gov).

_____ Another address (provide)



 **Gmail**

Jon F Turpin <jt4590@gmail.com>

## Opinion
2 messages

**Jon F. Turpin** <jt4590@gmail.com>
Mon, Oct 30, 2023 at 9:44 PM
Bcc: Kirk Freeman <kirk@kirkfreemanlaw.com>, sachatessier@gmail.com, doughty_motions@lawd.uscourts.gov, compass@rfkhumanrights.org, judiciary_whistleblower@mail.house.gov, info@vaticanrome.it

In my opinion,

According to Patklane Hosiery Co., Inc. v Shore, 439 U.S. 322 (1979) a plaintiff could use collateral estoppel "unless they easily could have joined in the earlier action, or the application of collateral estoppel would be unfair to the defendant, such as if they had less incentive to defend the first case or did not have a full opportunity to litigate the issue."

As the forced defendant of the alleged plaintiffs, each current and former, and each irresponsible, in my opinion, they have no right to collateral estoppel by the opinion above, which I affirm and documented in my request for a report to the Supreme Court Disciplinary Commission regarding Moore.

Who in my opinion, must be disbarred now.

Why? According to the FBI's and DHS's "Strategic Intelligence Assessment and Data on Domestic Terrorism" the actions of the plaintiffs match beyond reasonable doubt the defintion of a "DVE Plot" against me and my wife and may be hate crimes.

In Blakely v. Washington we find not only a reaffirmation of the opinion of the Honorable Supreme Court Justice Scalia, and of the Honorable Supreme Court Justice Thomas, but also an eerily similar scenario in the actions of Blakely, when aligned with the irresponsible plaintiffs... taken when he, like potentially my biological Dad, and or the current alleged petitioner, was encountering the possibility of divorce, and a follow-up civil suit regarding a Trust.

Which was also used, much like the public Britney Spears conservatorship case, as a method of control against many civil rights.

Blakely, regardless of his moral turpitude, did present a proper and compelling argument in line with the right to trial by jury, and established with this precedent that not only the 6th amendment right to trial by jury would be violated by these current proceedings, but also, due to Indiana's constitution, 7th amendment rights as well.

Thus not only are the current proceedings against us a criminal act of moral turpitude, but with all respect to the Honorable Trial Judges who provide us with their invaluable public service and time in our Judiciary... protective orders as they are even attempted to be implemented in action today without right to trial by jury and without any criminal act, nor even past history of criminal acts by any defendant are without a doubt unconstitutional in at least breach of the separation of powers.

In fact, the current protective order being attempted under the current administration may even disprove the allegations levied by the Honorable Hakeem Jeffries against the Honorable Mike Johnson of not respecting "separation of church and state" since the Honorable Mike Johnson is attempting to prevent such abuses of our courts by upholding our constitutional rights, which would prevent fraudulent, fictitious, and fractious protective orders from being used as a weapon, as referenced clearly in the opinion on Rahimi, and clearly documented in the proceedings falsely levied against us.

Because the outcome of this protective order would be to leave us without rights to defend ourselves from a perpetual DVE plot, and/or to remove our livelihood, home, and even more importantly, marriage, and right to worship in our Catholic Church under God, and to raise our own children in Faith.

It is direct violation of our 1st amendment when and if applied against us in this way, and is no doubt unconstitutional at face.

In my opinion, it is appalling in all aspects.

Sincerely,
Jon F. D. Turpin
Pro Se Pro Hac Vice

---

**Jon F. Turpin** <jt4590@gmail.com>                                        Mon, Oct 30, 2023 at 9:54 PM
Bcc: Honorable Todd Rokita Attorney General IN <todd.rokita@in.gov>, Honorable Jeffrey Landry Attorney General Louisiana
<jeff.landry@la.gov>, Father Brent Maher <padrepbm@gmail.com>

--------- Forwarded message ---------
From: **Jon F. Turpin** <jt4590@gmail.com>
Date: Mon, Oct 30, 2023, 9:44 PM
Subject: Opinion
To:

In my opinion,

According to Patklane Hosiery Co.., Inc. v Shore, 439 U.S. 322 (1979) a plaintiff could use collateral estoppel "unless they
easily could have joined in the earlier action, or the application of collateral estoppel would be unfair to the defendant,
such as if they had less incentive to defend the first case or did not have a full opportunity to litigate the issue."

As the forced defendant of the alleged plaintiffs, each current and former, and each irresponsible, in my opinion, they
have no right to collateral estoppel by the opinion above, which I affirm and documented in my request for a report to the
Supreme Court Disciplinary Commission regarding Moore.

Who in my opinion, must be disbarred now.

Why? According to the FBI's and DHS's "Strategic Intelligence Assessment and Data on Domestic Terrorism" the actions
of the plaintiffs match beyond reasonable doubt the defintion of a "DVE Plot" against me and my wife and may be hate
crimes.

In Blakely v. Washington we find not only a reaffirmation of the opinion of the Honorable Supreme Court Justice Scalia,
and of the Honorable Supreme Court Justice Thomas, but also an eerily similar scenario in the actions of Blakely, when
aligned with the irresponsible plaintiffs... taken when he, like potentially my biological Dad, and or the current alleged
petitioner, was encountering the possibility of divorce, and a follow-up civil suit regarding a Trust.

Which was also used, much like the public Britney Spears conservatorship case, as a method of control against many civil
rights.

Blakely, regardless of his moral turpitude, did present a proper and compelling argument in line with the right to trial by
jury, and established with this precedent that not only the 6th amendment right to trial by jury would be violated by these
current proceedings, but also, due to Indiana's constitution, 7th amendment rights as well.

Thus not only are the current proceedings against us a criminal act of moral turpitude, but with all respect to the
Honorable Trial Judges who provide us with their invaluable public service and time in our Judiciary... protective orders as
they are even attempted to be implemented in action today without right to trial by jury and without any criminal act, nor
even past history of criminal acts by any defendant are without a doubt unconstitutional in at least breach of the
separation of powers.

In fact, the current protective order being attempted under the current administration may even disprove the allegations
levied by the Honorable Hakeem Jeffries against the Honorable Mike Johnson of not respecting "separation of church and
state" since the Honorable Mike Johnson is attempting to prevent such abuses of our courts by upholding our
constitutional rights, which would prevent fraudulent, fictitious, and fractious protective orders from being used as a
weapon, as referenced clearly in the opinion on Rahimi, and clearly documented in the proceedings falsely levied against
us.

Because the outcome of this protective order would be to leave us without rights to defend ourselves from a perpetual
DVE plot, and/or to remove our livelihood, home, and even more importantly, marriage, and right to worship in our
Catholic Church under God, and to raise our own children in Faith.

It is direct violation of our 1st amendment when and if applied against us in this way, and is no doubt unconstitutional at face.

In my opinion, it is appalling in all aspects.

Sincerely,
Jon F. D. Turpin
Pro Se Pro Hac Vice



JIM JORDAN, Ohio
CHAIRMAN

JERROLD NADLER, New York
RANKING MEMBER

ONE HUNDRED EIGHTEENTH CONGRESS

# Congress of the United States
## House of Representatives
COMMITTEE ON THE JUDICIARY
2138 RAYBURN HOUSE OFFICE BUILDING
WASHINGTON, DC 20515-6216
(202) 225-6906
judiciary.house.gov

February 16, 2023

The Honorable Christopher A. Wray
Director
Federal Bureau of Investigation
935 Pennsylvania Avenue, N.W.
Washington, DC 20535

Dear Director Wray:

      The Committee on the Judiciary is continuing to examine the Federal Bureau of Investigation's (FBI) handling of domestic violent extremism (DVE) investigations. Over the last year, we have written to you several times about startling allegations that the FBI is misusing DVE resources for apparent political purposes.[1] Since those letters, new information has become public about the FBI's targeting of a set of Catholic Americans for their religious beliefs. We therefore write to request additional information about this serious misuse of federal law-enforcement resources.

      On January 23, 2023, the FBI's Richmond Field Office published an official document that linked "racially or ethnically motivated violent extremists" (RMVEs) with a "radical-traditionalist Catholic" (RTC) ideology.[2] In this document, the FBI purported to distinguish what it called "traditional Catholics" from the disfavored RTC adherents, who the FBI characterized as embracing "anti-Semitic, anti-immigrant, anti-LGBTQ, and white supremacist ideology."[3] The FBI even identified certain public policy issues—such as immigration and life issues—that it believed would "catalyz[e]" RTC adherents.[4] In addition to attempting to separate and categorize Catholic Americans based on theological distinctions, the FBI underscored the

---

[1] *See, e.g.,* Letter from Rep. Jim Jordan, Ranking Member, H. Comm. on the Judiciary, to Hon. Christopher A. Wray, Dir., Fed. Bureau of Investigation (July 27, 2022); Letter from Rep. Jim Jordan, Ranking Member, H. Comm. on the Judiciary, to Hon. Christopher A. Wray, Dir., Fed. Bureau of Investigation (Sept. 14, 2022); Letter from Rep. Jim Jordan, Ranking Member, H. Comm. on the Judiciary, to Hon. Christopher A. Wray, Dir., Fed. Bureau of Investigation (Sept. 19, 2022).
[2] Fed. Bureau of Investigation, U.S. Dep't of Justice, Domain Perspective, Interest of Racially or Ethnically Motivated Violent Extremist Radical-Traditionalist Catholic Ideology Almost Certainly Presents New Mitigation Opportunities (Jan. 23, 2023).
[3] *Id.*
[4] *Id.*

The Honorable Christopher A. Wray
February 16, 2023
Page 2

political nature of its actions: "FBI Richmond assesses RMVE interest in RTCs is likely to increase over the next 12 or 24 months in the run-up to the next general election cycle."[5]

The FBI's document cites to biased and partisan sources, including the Southern Poverty Law Center (SPLC), *Salon*, and *The Atlantic*, to support its assessment.[6] The SPLC misleadingly defines RTCs as "the largest group of serious anti-Semites in America" and believes to have identified nine RTC "hate groups" across the United States.[7] The SPLC also identifies the broad term "Christian identity" as a hate group—a term that could arguably encompass millions of Americans with sincerely held religious beliefs.[8] The SPLC routine maligns several mainstream conservative and religious organizations as "hate" groups, simply because the SPLC disagrees with their views.[9] The fact that the FBI would blindly accept and regurgitate the SPLC's spin is highly concerning and undercuts the FBI's assertion that it is unbiased and politically neutral.

In the wake of the backlash against the FBI's anti-Catholic document, the FBI withdrew the document and blamed the local level field office for its creation and dissemination.[10] However, there remain many questions about the genesis, review, and approval of this document, as well as the FBI's commitment to upholding First Amendment protected activity. To inform our ongoing oversight of the FBI, please provide the following documents and information:

1. All documents and communications referring or relating to intelligence products about "racially or ethnically motivated violent extremists" and "radical-traditionalist Catholics" for the period of January 20, 2021, to the present;

2. All documents and communications referring or relating to the basis for the January 23, 2023, Domain Prospective, entitled "Interest of Racially or Ethnically Motivated Violent Extremist Radical-Traditionalist Catholic Ideology Almost Certainly Presents New Mitigation Opportunities," approved and disseminated by FBI's Richmond Field Office;

3. A list of the FBI investigations, local law enforcement agency reporting, and liaison reporting, with varying degrees of cooperation and access that the FBI's Richmond Field Office relied upon to make its assessments in the January 23, 2023, Domain Prospective, entitled "Interest of Racially or Ethnically Motivated Violent Extremist Radical-Traditionalist Catholic Ideology Almost Certainly Presents New Mitigation Opportunities"; and

4. A list of all FBI employees involved in drafting, reviewing, approving, or disseminating the January 23, 2023, Domain Prospective, entitled "Interest of Racially or Ethnically

---

[5] *Id.*
[6] *Id.* at 11.
[7] Sothern Poverty Law Center, Radical Traditional Catholicism, https://www.splcenter.org/fighting-hate/extremist-files/ideology/radical-traditional-catholicism (last visited Feb. 13, 2023).
[8] *Id.*
[9] *See, e.g.,* Susan Ferrechio, *SPLC finds fewer hate groups but still targets evangelicals, conservatives as haters,* WASH. TIMES (Mar. 10, 2022).
[10] Kayla Bailey, *FBI labeling Catholics as possible violent extremists is an excuse to oppress 'political enemies': Evita Duffy,* FOX NEWS (Feb. 12, 2023).

The Honorable Christopher A. Wray
February 16, 2023
Page 3

Motivated Violent Extremist Radical-Traditionalist Catholic Ideology Almost Certainly Presents New Mitigation Opportunities."

Please provide this information as soon as possible, but no later than 5:00 p.m. on March 2, 2023. We remind you that whistleblower disclosures are protected by law and that we will not tolerate any effort to retaliate against whistleblowers for their disclosures.

The Judiciary Committee is authorized to conduct oversight of the Federal Bureau of Investigation pursuant to the Rules of the House of Representatives.[11] If you have any questions, please contact Committee staff at (202) 225-6906. Thank you for your prompt attention to this matter.

Sincerely,

Jim Jordan
Chairman

Mike Johnson
Chairman
Subcommittee on the Constitution
and Limited Government

cc:    The Honorable Jerrold L. Nadler, Ranking Member
       The Honorable Mary Gay Scanlon, Ranking Member, Subcommittee on the Constitution
       and Limited Government

---

[11] Rules of the U.S. House of Representatives, R. X (2023).

# NOTICE

Wayne Circuit Court
301 E Main Street
Richmond Indiana 47374

Andrea Lynn Holwager v.Jon Frederick Turpin                    89C01-2305-PO-000087

89C01-2305-PO-000087
To: Jon Frederick Turpin
2421 S. Plum Street
Yorktown, IN 47396

To view any documents attached, type the hyperlink provided below in a web browser.  Note this link is valid for 21 days.  If you need a copy of this document, download it immediately.

If a document is confidential, the system will prompt you to enter your email address.  However, because you received this paper notice, the court does not have a valid email address for you.  Please file an Appearance with the clerk and include a valid email on the Appearance.

If you are unable to download the document attached and need a physical copy of the document, please contact the clerk or court.

## EVENTS

| Entry Date | File Stamped / Order Signed | Event and Comments |
|---|---|---|
| 06/01/2023 | 06/01/2023 | Order Issued |

https://m.in.gov/NDC46N22

| OTHER PARTY - NOTICED | OTHER PARTY - ENOTICED |
|---|---|
| N/A | Ronald Joseph Moore  (Attorney) |

| | |
|---|---|
| 06/01/2023 | Hearing Scheduling Activity<br>Hearing on Petition for Protection Order scheduled for 06/21/2023 at 10:00 AM. |

| OTHER PARTY - NOTICED | OTHER PARTY - ENOTICED |
|---|---|
| N/A | Ronald Joseph Moore  (Attorney) |

STATE OF INDIANA    )               IN THE _____ COURT _____
                       ) SS:
COUNTY OF **WAYNE**  )       ( _____ DIVISION, ROOM ___ )

**ANDREA HOLWAGER**
Petitioner             )
                  )       CASE NO. **89C01-2305-PO-000087**
vs.              )
**JON TURPIN**      )
Respondent       )

## NOTICE TO APPEAR

The Petitioner having filed a petition for an Order for Protection, the Court now finds the conditions in Indiana Code § 34-26-5 have been met, and sets this matter for Hearing as follows:

TO:                       JON TURPIN
DATE OF HEARING:   JUNE 19, 2023
TIME OF HEARING:   1:30 PM
LOCATION OF HEARING: WAYNE COUNTY CIRCUIT COURT
                       301 E MAIN STREET
                       RICHMOND, IN 47374

Please bring all documents and witnesses relating to this case with you to Court on your hearing date.

___ THE SHERIFF OF _____ COUNTY, INDIANA, IS ORDERED to personally serve this notice upon Respondent and make due return.

DATE: **6/1/2023**       Recommended for approval by, if applicable:

                       _____

                       _____, COMMISSIONER/REFEREE

Approved and Ordered by:

                       _____, JUDGE/MAGISTRATE

## ******IMPORTANT NOTICE******

**IF YOU DO NOT ATTEND THE HEARING IN THIS CASE, THE JUDGE MAY HEAR THE CASE IN YOUR ABSENCE AND ORDER ADDITIONAL RELIEF THAT MAY INCLUDE:**

- EVICTION/EXCLUSION FROM A RESIDENCE;
- RESTRICTING POSSESSION OF PERSONAL PROPERTY;
- RESTRICTING PARENTING TIME;
- AWARDING CHILD SUPPORT; AND,
- PROHIBITING POSSESSION OF FIREARMS, AMMUNITION, OR DEADLY WEAPONS.

**89C01-2305-PO-000087**

Wayne Circuit Court

Filed: 5/30/2023 12:04 PM

SL

Clerk

Wayne County, Indiana

| STATE OF INDIANA | ) | |
|---|---|---|
| | ) SS: | CIVIL DIVISION, ROOM _____ |
| COUNTY OF WAYNE | ) | Case Number: |

(To be supplied by Clerk when case is filed.)

## APPEARANCE BY ATTORNEY IN CIVIL CASE

**This Appearance Form must be filed on behalf of every party in a civil case.**

1. The party on whose behalf this form is being filed is:

   Initiating __✓__   Responding ____   Intervening ____ ; and

   the undersigned attorney and all attorneys listed on this form now appear in this case for the following parties:

   Name of party:  Andrea Lynn Holwager

   Address of party: *(see Question #6 below if this case involves a protection from abuse order, a workplace violence restraining order, or a no-contact order)*

   113 S. 3rd Street
   Richmond, IN 47374

   Telephone # of party:  (765) 969-0628

   Email Address: _____

   *(List on a continuation page additional parties this attorney represents in this case.)*

2. Attorney information for service as required by Trial Rule 5(B)(2)

   Name:  Ronald Moore          Attorney Number:  20278-89

   Address:  113 S 3RD ST   RICHMOND  IN  47374

   Phone: 7659627700

   Email Address:  ron@themoorelawfirm.com

   *(List on continuation page additional attorneys appearing for above party.)*

3. This is a PO/JQ case type as defined in administrative Rule 8(B)(3).

4. This case involves a protection from abuse order, a workplace violence restraining order, or a no -- contact order.  Yes __✓__   No ____  *(If Yes, the initiating party must provide an*

Addresses are Included, proving the case had no right to be filed under seal, by an attorney with a criminal history of wrongfully filing cases under seal.

*address for the purpose of legal service but that address should not be one that exposes the whereabouts of a petitioner.)* The party shall use the following address for purposes of legal service:

| | | |
|---|---|---|
| _____ ✓ | Attorney's address | ron@themoorelawfirm.com |
| _____ | The Attorney General Confidentiality program address | |

(contact the Attorney General at 1-800-321-1907 or e-mail address is **confidential@atg.in.gov).**

_____ Another address (provide)

5. This case does not involve a petition for involuntary commitment.   Yes ✓   No ____

6. There are related cases: Yes ✓   No ____   *(If yes, list on continuation page.)*

Used against rules of expungement,

| Caption: _____ | Case Number: _____ |
|---|---|
| State of IN v. Jon Turpin | 49G06-1612-F5-046714 |

used as blackmail &

7. There are other party members: Yes ____  No ✓   *(If yes, list on continuation page.)*

extortion against us,

8. This form has been served on all other parties and Certificate of Service is attached:
Yes ____   No ✓

used to deny due process against 14th amendment and 42U.S.C§1983, used against us in violation of a declaratory decree, used as blackmail.

/s/ Ronald Moore
_____
Attorney-at-Law
(Attorney information shown above.)

# NOTICE

A Petition For Order For Protection has been filed.  The Indiana Civil Protection Order Act, I.C. 34-26-5 et seq., was passed by the Indiana General Assembly in 2002.  Under the Act, Courts can issue Orders to protect people from domestic or family violence, stalking, or a sex offense.  These Court Orders are called "Protection Orders" or "Orders For Protection," and the terms are used interchangeably.

The terms "domestic or family violence," "stalking," and "sex offense" are legal terms and have definite legal meanings.  These terms are all defined by Indiana statutes and you should become familiar with these terms by reading the Indiana statues.

The person asking for the Order is called the "Petitioner."  If a hearing has been set, the Petitioner will be required to prove the requirements that domestic or family violence, stalking, or a sex offense has occurred.  This is why it is important that you read the statutes defining these terms prior to the hearing.  Although you may be proceeding without an attorney ("*pro se*"), you will receive no special indulgence from the Court and you will have to abide by the same standards as an attorney as to the law and procedure.  The Indiana Rules of Evidence are applicable to a hearing on a Petition For Order For Protection.

At a hearing the Petitioner will go first.  The Petitioner will present his or her evidence as to why an Order For Protection should be entered.  The evidence presented should be as specific as possible and give dates, times, and who was present.  Do not use legal conclusions such as, "he stalked me."  Present the evidence in such a manner that relays the facts as to what happened. Again, your evidence should attempt to meet each and every prong of the Indiana statute.  Following the presentation of the Petitioner's evidence, the Respondent will have the opportunity to cross-examine the Petitioner.  This allows the Respondent the opportunity to ask questions of the Petitioner about the testimony the Petitioner just gave.  Following all of Petitioner's evidence, the Respondent will then have the opportunity to present his or her evidence followed by Petitioner's cross-examination of Respondent.

Protection Orders are serious matters and are treated as such by the Courts.  It is recommended that you utilize the services of an attorney but, if you elect to proceed *pro se*, you should come to Court prepared, having familiarized yourself with the applicable Indiana statutes.

89C01-2305-PO-000087

Filed: 5/30/2023 12:04 PM

Wayne Circuit Court
Petition Number: 2023053011263517

SL
Clerk

Wayne County, Indiana

| STATE OF INDIANA | ) | IN THE |
|---|---|---|
| | ) SS: ( _____ DIVISION, ROOM _____) | |
| COUNTY OF WAYNE | ) | CASE NO. _____ |

Andrea Lynn Holwager                              ,)
_____   )
Petitioner **(Your Name)**                            )
     vs.                                                )
Jon Frederick Turpin                              ,)
_____   )
Respondent **(Person to be Restrained)**          )

## PETITION FOR AN ORDER FOR PROTECTION AND REQUEST FOR A HEARING - Filed by Person Seeking Protection

**IMPORTANT: This is a public document and a copy of it will be placed in the Court's file. A copy may also be sent to the Respondent.**
*(Check those which apply)*

1.   **I am filing this Petition for myself:**

     _____ a. I am or have been a victim of domestic or family violence;

     _____ b. I am or have been a victim of a sex offense;

     _____ c. I am or have been a victim of stalking.

     __✓__ d. I am or have been a victim of repeated acts of harassment.   *False*

2.   **The Respondent's relationship to me is:**

     a.   the Respondent is my family or household member *(Check only the line which best applies):*

          _____ the Respondent is my spouse;

          _____ the Respondent used to be my spouse;

          _____ the Respondent and I resided together in an intimate relationship;

          _____ the Respondent and I have a child in common;

          _____ the Respondent and I are dating, or have dated, each other;

          _____ the Respondent and I are, or have been, engaged in a sexual relationship;

          _____ the Respondent and I are related by blood or adoption. The Respondent is my ;

          _____ the Respondent and I are, or used to be, related by marriage. The Respondent is my ;

          _____ the Respondent is, or used to be, my guardian;

          _____ the Respondent is, or used to be, my ward;

          _____ the Respondent is, or used to be, my custodian;

          _____ the Respondent is, or used to be, my foster parent; or,

          _____ I am a minor child of a person in one of the types of relationships described above.

          _____ I have adopted the child of the respondent.

     ***If Respondent is not a family or household member as indicated above, but Respondent has***

1

Petition Number: 2023053011263517

*committed stalking, a sex offense, or repeated acts of harassment (check only the line below which best applies):*

b. _____ the Respondent has committed stalking against me.

c. _____ the Respondent has committed a sex offense against me.

d. ✓ the Respondent has committed repeated acts of harassment against me. *False, we were harassed, blackmailed, and are being extort*

3. How old is the Respondent? 33 years old. *harassed, blackmailed, and are being extort*

4. **Please list all cases (divorce, protection orders, paternity, guardianship, criminal, juvenile, civil) involving the Respondent, yourself, or a child you have with the Respondent:**

| Case Name | Case Number | County & State |
|---|---|---|
| State of IN v. Jon Turpin | 49G06-1612-F5-046714 | Marion, IN |

5. **This case is filed in this county because:**

_____ a. the Respondent lives in this county.

✓ b. the incident(s) of domestic or family violence, stalking, sex offense, or harassment happened in this county. *False, I, as confirmed by a petitioner, am not abusiv*

✓ c. I live in this county. *We were stalked, and we were threatened.*

6. **If you are not represented by an attorney, fill in your public mailing address:**

This address will not be kept secret, so you should use a mailing address that you feel comfortable having public. The address you place on the Confidential Form, PO-0104 will be kept confidential. If the Court grants the order, you may be eligible to obtain a confidential address through the Attorney General's Address Confidentiality Program (ACP). Email the ACP at: confidential@atg.state.in.us to get information on how to participate in that program.

7. **The Respondent has committed the following act(s) of domestic or family violence, stalking, a sex offense, or harassment *(Check those which apply):***

_____ a. the Respondent attempted to cause physical harm to me;

✓ b. the Respondent threatened to cause physical harm to me; *False*

_____ c. the Respondent did cause physical harm to me;

✓ d. the Respondent placed me in fear of physical harm; *False, I left and avoid them.*

_____ e. the Respondent caused me to involuntarily engage in sexual activity by force, threat of force, or duress;

_____ f. the Respondent committed stalking against me;

_____ g. the Respondent committed a sex offense against me;

_____ h. the Respondent committed an act of animal cruelty by beating, torturing, mutilating, or killing a vertebrate animal without justification with an intent to threaten, intimidate, coerce, harass or terrorize a family or household member.

✓ i. the Respondent committed repeated acts of harassment against me.

OJA-PO-0100 Approved 07/02
Rev. by Ind. Office Ct. Serv. 07/19

2

*False, I gave closure, and witness by Faith.*

Petition Number: 2023053011263517

8. **Describe what happened in each of the above incidents including the date(s), place(s) and witnesses to each incident:**

---

**Incident #: 1**

**Date of Incident** (on or about) 05/06/2023

**Place of Incident:**
   Text Message

*They were informed I would litigate, and this is freedom of speech, which they violated*

**Description of Incident:**
   Random text message received by Michael Holwager after a few months of radio silence from Turpin. Random number. Called voicemail, and notified that it was the voicemail of Jon Turpin. See Attachment.

**List the names of all the people who were present during the incident. You must include your own name if you were present:**
   1. Holwager, Andrea Lynn

( Description continued on attachment(s) )

---

**Incident #: 2**

**Date of Incident** (on or about) 12/11/2021

**Place of Incident:**
   Richmond, Indiana

*This is true, Freedom of speech.*

**Description of Incident:**
   Turpin began communicating with other family members that Mr. and Mrs. Holwager were threatening to put him in a mental institution. Please see attached total of three screenshots of the conversation that transpired.

**List the names of all the people who were present during the incident. You must include your own name if you were present:**
   1. Holwager, Michael Alan

( Description continued on attachment(s) )

---

**Incident #: 3**

**Date of Incident** (on or about) 12/12/2021

**Place of Incident:**
   Richmond, Indiana

*This shows how Michael A. M. Holwager communicates and uses " DARVO."*

**Description of Incident:**
   Mr. Holwager sent text messages to Mr. Turpin letting him know all of his stuff had been moved out of their home. Mr. Holwager asked Mr. Turpin to leave the parties alone until he got professional help. See attached 4 total screenshots of this conversation.

**List the names of all the people who were present during the incident. You must include your own name if you were present:**

3

Petition Number: 2023053011263517

1. Holwager, Andrea Lynn

( Description continued on attachment(s) )

---

**Incident #: 4**

**Date of Incident** (on or about) 12/21/2021
**Place of Incident:**
   Richmond, Indiana
**Description of Incident:**
   Text message conversation attached between Mr. Holwager and Turpin's parents.
   See attachment.

*[handwritten: This, along with every referenced case being either double jeopardy, collateral estoppel, an of extortion and blackmail, as well as being outside of a federal question, proves conspiratorial collusion with the original irresponsible plaintiffs, my biological parents, et all listed]*

**List the names of all the people who were present during the incident. You must include your own name if you were present:**
   1. Holwager, Andrea Lynn

( Description continued on attachment(s) )

---

**Incident #: 5**

**Date of Incident** (on or about) 10/9/2022
**Place of Incident:**
   Richmond, Indiana
**Description of Incident:**
   Facebook messages sent to Andrea Holwager's mother by Jon Turpin.

*[handwritten: Provided witness for their wedding, before it, and let them know I wished to avoid them, was prompt to block and go no-contact as requested.]*

   "See Attached."

**List the names of all the people who were present during the incident. You must include your own name if you were present:**
   1. Holwager, Michael Alan

( Description continued on attachment(s) )

---

9. **I am asking the Court to order the following relief** *(check all which apply):*

   **NOTE: The following requested relief may be granted immediately by the Judge without a hearing. However, if the petition is based on harassment alone, the relief may be granted ONLY after notice to the Respondent and after a hearing to be held within thirty (30) days.**

   ✓ Prohibit the Respondent from committing, or threatening to commit, acts of domestic or family violence, stalking, or sex offenses against me; *[handwritten: I already didn't, and don't.]*
   ✓ Prohibit the Respondent from committing, or threatening to commit, acts of domestic or family violence, stalking, or sex offenses against my family or household members, whose

4

OJA-PO-0100 Approved 07/02
Rev. by Ind. Office Ct. Serv. 07/19

Petition Number: 2023053011263517

names are: *I already didn't and don't, he threatened, stalked, blackmail*

1. Michael Alan Holwager ~~and~~ *extorted and potentially wiretapped me/us.*

✓ Prohibit the Respondent from harassing, annoying, telephoning, contacting, or directly or
indirectly communicating with me;

✓ Order the Respondent to stay away from my residence, school, place of employment, or
other place, which is the 537 W. Main Street, Richmond, IN 47374, located at 113 E.
Delaware St., Cambridge City, IN 473237; *I already do so. In my opinion, they*

_____ Order the Respondent to stay away from the following location(s) frequented by my family *are afraid*
or household member(s), which may include a residence, school, or place of employment: *I will*

***Please complete:*** *collect witness statements from school board members*

Please list all owners or lease signers at my residence: *who my biological dad may have*

1. Michael Holwager *threatened and/or blackmailed, extorted, coerced, e-*
2. Andrea Holwager

*They also may not wish for me to collect medical information*

***NOTE: The following requested relief may be granted immediately by the Judge without a
hearing. However, if the petition is based on harassment alone, the relief may be granted
ONLY after notice to the Respondent and after a hearing to be held within thirty (30) days.***

_____ Evict the Respondent from my residence, which is located at:

_____ Order the Respondent to give me the possession and use of the following:

_____ The residence located at: ;

_____ An automobile/other motor vehicle, described as:

_____ Other necessary personal items, described as:

_____ Prohibit Respondent from removing, transferring, injuring, concealing, harming, attacking,
mistreating, threatening to harm, or otherwise disposing of the animal(s) listed below.
(Limit 5)

_____ Order that I will have the exclusive possession, care, custody, or control of an animal(s)
owned, possessed, kept, or cared for by myself, the Respondent, a minor child of myself or
the Respondent, or any other family or household member listed below.  (Limit 5)

_____ Order the following additional relief necessary to provide for my safety and welfare and the
safety and welfare of my family or household members:

***NOTE: The following requested relief may be granted ONLY after notice to the Respondent
and after a hearing to be held within thirty (30) days:***

_____ Specify the arrangements for parenting time with our minor child(ren);

_____ Require that parenting time be supervised by a third party;

_____ Deny the Respondent parenting time;

_____ Order the Respondent to pay my attorney fees;

_____ Order the Respondent to pay rent for my residence;

_____ Order the Respondent to make payment on a mortgage for my residence;

_____ Order the Respondent to pay child support for our minor child(ren);

_____ Order the Respondent to pay support/maintenance for me;

_____ Order the Respondent to reimburse me for expenses related to the domestic or family

5

Petition Number: 2023053011263517

violence, stalking, sex offense, or harassment as follows:

*(specify the amount for each expense and bring documentation of the expense with you to Court for the Hearing):*

\_\_\_\_Medical expenses:                                                        $_____

\_\_\_\_Counseling:                                                                   $_____

\_\_\_\_Shelter:                                                                          $_____

\_\_\_\_Repair or replacement of damaged property:             $_____

\_\_\_\_Other costs or fees I have as a result of bringing this case:  $_____

✓ Prohibit the Respondent from using or possessing a firearm, ammunition, or deadly weapon; *My wife and I were threatened with death & destitution.*

\_\_\_\_Order the Respondent to surrender the following firearm(s), ammunition, or deadly weapon(s) to a specified law enforcement agency (list each item below):

\_\_\_\_Order a wireless service provider to transfer to me the right to continued use of, and financial responsibility for, the following telephone number(s) used by me or by a minor child in my custody (limit 10):

*NOTE: A wireless service provider's normal requirements for setting up a new cellular telephone account still apply. You should consider whether you will be able to set up an account in your own name and whether you will be able to pay for the account.*

6

OJA-PO-0100 Approved 07/02
Rev. by Ind. Office Ct. Serv. 07/19

Petition Number: 2023053011263517

By filing this Petition, I am respectfully requesting that the Court immediately issue an Ex Parte Order for Protection. I understand that, if I have asked the Court for any of the following:

- evicting the Respondent from my/our home;
- giving me the possession of personal property;
- giving me possession of an animal;
- prohibiting Respondent from taking action against an animal;
- establishing rules for child parenting time;
- requiring the Respondent to pay fees, expenses, or child support;
- forbidding the Respondent from possessing a firearm, ammunition, or a deadly weapon;
- ordering the Respondent to surrender firearm(s), ammunition, or deadly weapons; or,
- allowing me or a child to continue to use a telephone number for which I will be financially responsible;

I must also ask the Court to set a date for a Hearing within thirty (30) days of today's date.

I understand that if my petition is based on harassment alone, the Court may grant relief ONLY after notice to the Respondent and after a hearing to be held within thirty (30) days.

I understand that if a Hearing is set, and if I fail to appear for the Hearing, the court may terminate the Ex Parte Order and/or dismiss the case.

I affirm, under the penalties for perjury, that the foregoing representations are true:
  a. on the basis of my own personal knowledge.
  b. on the basis that I have been informed and believe that the facts stated are true.

*(NOTE: If this Petition is made solely on the basis of Petitioner's information and belief, Petitioner must attach affidavits by one or more persons who have personal knowledge of the facts stated.)*

**DATE:**    05/30/2023                     /s/ Ronald J. Moore for Andrea and Michael Holwager
_____                          _____
                                         **PETITIONER (Signature)**
                                         Ronald J. Moore for Andrea and Michael Holwager
                                         _____
                                         **PETITIONER (Type or print name)**

**OJA-PO-0100** Approved 07/02
Rev. by Ind. Office Ct. Serv. 07/19

89C01-2305-PO-000097 | Facebook

Wayne Circuit Court

Filed: 5/30/2023 12:04 PM
Clerk
Wayne County, Indiana



*(handwritten annotation, top)* Facebook message Jon Fredrick Turpin sent to my mother (Elaine Holwager). I, Andrea Holwager, made the reply for her.

**Fritz Turpin**

Q Search

Inbox

1/10/22, 11:02 AM

Happy Birthday! 🎂 *(handwritten)* We used to be Facebook Friends.

10/9/22, 10:25 PM

Michael threatened to sue me and my wife. I'm sorry I left the stuff at their house, but I wasn't "hitting on Andrea" like he has been spouting off.

So I won't be around anymore for Andrea while she's with that man, I'm sorry for that.

Hope she picks someone who doesn't cheat on her and lie about it someday.

That's the second time Michael has threatened me and it will be the last. I'm not sure if you sold them the office or not, but I'd like to know so I can avoid it if that's the case.

Anyway, I hope you're doing well and it's just my opinion, but I figured I'd say why I won't be around.

*(handwritten annotation)* In my opinion, the words below are written by M.A.M.H., see pages 3, 5, 6, 7.

10/11/22, 4:52 AM

Jon Turpin, due to your continued defamation of character by intentionally spreading known false and malicious lies about my future son-in-law (Michael Mann) and the mental anguish you have caused my daughter (Andrea Holwager), this response is being written with legal assistance.

You are NEVER allowed on ANY of my properties at any time or anywhere near me. This includes 113 E Da___ re Street (located in Cambridge City, IN) or any other residences in m___ d/or family's name. We feel threatened, bullied, and intimidated by your continuous false accusations

**You blocked messages and calls from Fritz Turpin's Facebook account**
You can't message or call them in this chat, and you won't receive their messages or calls.

**Unblock**

**Something's wrong**

1/1

(20+) Messenger | Facebook

/23, 11:03 AM

 Q ☰

Q Search    Fritz Turpin

Inbox











**You blocked messages and calls from Fritz Turpin's Facebook account.**
You can't message or call them in this chat, and you won't receive their messages or calls.

**Unblock**

**Something's wrong**

I also blocked, and ceased contact.

2

**89C01-2305-PO-000087**

Filed: 5/30/2023 12:04 PM
Clerk
Wayne County, Indiana

D. A. R. U. O.

< Me                              ⋮

(No subject)

Jon, I was informed **today** you have again used my name in a defamatory manner in conversation. Specifically, you told Crystal that I was taking advantage of Jared.

Please stop attempting to manipulate people with your deceptions as you are hurting yourself by continuing to knowingly lying about persons who disagree with you.

I want to be clear, I have contacted an attorney. They have stated the pursuit of a case against you for defamation is well within reason.

I have repeatedly asked you to stop lying when using my or Andrea's name. This is the last verbal warning you will receive. The next contact on this subject will be from an attorney.

I have attached Erin in this text message in an effort to make your malice STOP.

Stop the character assination of every person who asks you to get treatment. You have crushed Andrea with your lies and manipulation. She has taken an aspirin everyday for the chest pain your lies have caused her. For our well being, LEAVE US ALONE!

Deny
Attack
Reverse
Victim
and
Offender

Threatens my wife and attempts to control her, later attempts to manipulate her for information regarding me while he attempts to stalk us and intrude again

89C01-2305-PO-000087

Filed: 5/30/2023 12:04 PM
Clerk
Wayne County, Indiana



4

89C01-2305-PO-000087

Filed: 5/30/2023 12:04 PM
Clerk
Wayne County, Indiana

12:43

Me

But we have to protect ourselves from you now as you are a serious danger to us. Contrary to what you may think, you are NOT the victim here, but you sure as hell are leaving victims behind on the wake of your lies and deceit. The pain you have caused Andrea (someone who would still do anything for you) is nearly unforgivable. But man to man, do not text or call until you get serious help.

Deny
Attack
Reverse Victim
And
Offender

Attemp to
Control Medical
treatment.

5

89C01-2305-PO-000087

Filed: 5/30/2023 12:04 PM
Clerk
Wayne County, Indiana

< Me                                    ⋮

Also, Andrea has a recording of the converation
where you spoke your love for her while she was at the
shelter. This is because the shelter has survelliance on
the inside of the building, and she had you on speaker
due to cleaning the cages. Unlike you, Andrea doesn't
intentionally record conversations. But the shelter did
since they saw Andrea's face was alarmed and checked
on her.

She was/is a true friend of yours because she never
shared it with anyone but me. The fact you had the
NERVE to do this to Andrea before you even moved into
our home shows how much disrespect you had towards
me and how much HELP you need.

It also shows how good of friends we are because we
still wanted you to be safe.

Due to how much I have watched my fiance cry
yesterday from your lies, and how much you have hurt
her, you too have hurt me to the core.

Even after all your lies about us (which of course the
guys told me since they knew it was wrong and lies), we
still only want what's best for you.

*[handwritten annotations in right margin:]*
Wiretapping
(Third Party)
Blackmail

Deny
Attack

Reverse Victim
And
Offender

6

89C01-2305-PO-000087

Filed: 5/30/2023 12:04 PM
Clerk
Wayne County, Indiana

< Me                                    ⋮

As of <u>today</u>, all your stuff has been moved out,
and we helped move all the stuff over to Josh's
outside barn.

The fact you were NOT here to move YOUR
stuff yet all of us did this for you is childish
and wrong on so many levels.

Andrea and I refused to touch your guns due
to the accusations you placed on your father.
Phillip and Josh placed them into Josh's car.

Due to how badly you have hurt my fiance
and myself with your lies and gaslighting,
such as telling others I was "going to restrain
you" (what the hell man?) and the variety of
other stories you are now fabricating that
never occurred, you have placed us in fear of
interacting with you.

Therefore, until you get serious help, you
are not welcome to come near either of us.
We cannot be around your manipulation and
gas lighting anymore. Please get serious help
before you hurt someone or yourself.

You have disrespected my house by turning our
lives upside down when we bent over backwards
to help you.

            

*Intrusion*

*Deny*
*Attack*

*Reverse victim*
*And*
*Offender*

*Deny*

*Attack*

*Reverse Victim*
*and*
*Offender*

7

89C01-2305-PO-000087

Filed: 5/30/2023 12:04 PM
Clerk
Wayne County, Indiana



J.T. Turpin

As of today, all your stuff has been moved out, and we helped move all the stuff over to Josh's outside barn.

The fact you were NOT here to move YOUR stuff yet all of us did this for you is childish and wrong on so many levels.

Andrea and I refused to touch your guns due to the accusations you p

View all

Also, Andrea has a recording of the converation where you spoke your love for her while she was at the shelter. This is because the shelter has survelliance on the inside of the building, and she had you on speaker due to cleaning the cages. Unlike you, Andrea doesn't intentionally record conversati

View all

But we have to protect ourselves from you now as you are a serious danger to us. Contrary to what you may think, you are NOT the victim here, but you sure as hell are leaving victims behind on the wake of your lies and deceit.

Filed: 5/30/2023 12:04 PM
Clerk
Wayne County, Indiana



Attempts to control my medical treatment despite me already contacting EAP, my therapist, my doctor, and another qualified social worker, who informed me I should leave the situation.

EAP also let me know that the way I was treated by my biological parents, that, in their words:

"You are an orphan."

89C01-2305-PO-000087

Filed: 5/30/2023 12:04 PM
Clerk
Wayne County, Indiana



10

Filed: 5/30/2023 12:04 PM
Clerk
Wayne County, Indiana



(They denied they tried to discredit me)

← Confirmed, this was lightly attempted by alleged petitioner inside the courtroom. (I'm not manic)

I cried because they tried to call me bipolar after I and my wife were threatened with death and destitution.

Who does that?

11

89C01-2305-PO-000087

Filed: 5/30/2023 12:04 PM
Clerk
Wayne County, Indiana



Freedom of speech but I apologize for copying their language & Not threatened: not fighting words.

Clarity of litigation

Two Responses

Not threatened. Belittles and Demeans.

I didn't even receive this, as, after notifying of potential litigation, I blocked ▓▓▓.

M.A.M.H.

12

**jt4590@gmail.com**

| | |
|---|---|
| **From:** | Jon F. Turpin <jt4590@gmail.com> |
| **Sent:** | Sunday, October 15, 2023 4:39 PM |
| **To:** | Eden Branch Black & White Printer Public Library |
| **Subject:** | Fwd: Case Number 98C01-2305-PO-000087 |
| **Attachments:** | image.png; image.png; image.png; image.png; image.png; image.png; image.png; image.png; image.png; image.png; image.png; image.png; image.png; image.png; image.png; image.png; image.png |

On Tue, Oct 3, 2023 at 8:47 PM Jon F. Turpin <jt4590@gmail.com> wrote:
[UPDATE TO ENSURE PICTURES ARE PRESENT]


On Tue, Oct 3, 2023 at 6:40 PM Jon F. Turpin <jt4590@gmail.com> wrote:
Thus far in the case...:
1.
A) The case was filed under seal by an attorney with a criminal background who has a past record of filing cases under seal without legal grounds, Ronald J. Moore, during a time when President Joseph R. Biden, Jr. potentially cannot seal pseudonyms on his emails under seal, and as well, plaintiffs, even citizens, cannot file their own pseudonyms under seal in a public civil rights case against the government itself.

**Louisiana Western District Court**

**Judge:**                                                          Terry A Doughty

**Referred:**                                                       Joseph H L Perez-Monte

**Case #:**                                                         1:23-cv-01059

**Nature of Suit**                                                  440 Civil Rights - Other

**Cause**                                                           42:1983 Civil Rights Act

| Docket | Parties (10) |
|--------|--------------|

**Last checked: Saturday Sep 09, 2023 5:58 AM CDT**

**Defendant**
Richard E Bell

**Defendant**
Joseph R Biden, Jr

**Defendant**
Andrea L Holwager

**Defendant**
Michael A M Holwager

**Defendant**
Jared R Junkin

**Defendant**
Soraya Cinnamon Murphy

**Defendant**
Jon B Turpin

**Defendant**
Linda B Turpin

**Plaintiff**
P Q A E R G
247 Maximillian St
Baton Rouge, LA 70802

**Plaintiff**
Jon F D Turpin
2421 S Plum St
Yorktown, IN 47396

2

| 325 | Aug 16, 2023 | MOTION for Leave to Proceed under Pseudonym by Brandon Q Doe. Motion McClusky. Motion Ripe Deadline set for 8/16/2023. (Attachments: # 1 Redac to Intervene, # 3 Letter, # 4 Proposed order)(crt,Miletello, A) (Additional attac Envelope) (Miletello, A). (Entered: 08/16/2023) |
| | | Main Document | Motion for Miscellaneous Relief |
| | | Attachment 1 | Redacted Exhibit |
| | | Attachment 2 | Proposed Motion for Leave to Intervene |
| | | Attachment 3 | Letter |
| | | Attachment 4 | Proposed order |
| | | Attachment 5 | Envelope |
| 326 | Aug 16, 2023 | MOTION to Seal Attached Document by Brandon Q Doe. Motions referred to Motion Ripe Deadline set for 8/16/2023. (Attachments: # 1 Proposed order, # Envelope)(crt,Miletello, A) (Entered: 08/16/2023) |
| | | Main Document | Motion to Seal Attached Document |
| | | Attachment 1 | Proposed order |
| | | Attachment 3 | Envelope |
| | Aug 16, 2023 | Motions Transferred regarding 325 MOTION for Leave to Proceed under Pse Document. Motions referred to Judge Terry A Doughty. (crt,Miletello, A) |
| | | Motions Transferred | |
| 327 | Aug 18, 2023 | MEMORANDUM ORDER denying 325 Motion for Leave to Proceed under P Attached Document. Signed by Judge Terry A Doughty on 8/17/2023. (crt,Cra |
| | | Main Document | Order on Motion for Miscellaneous Relief |
| 328 | Aug 18, 2023 | MAIL RETURNED as Undeliverable. Mail sent to Mike Webb, 955 S Columb Notice of Consolidation, 316 Order on Motion to Consolidate Cases returned Deliverable as Addressed, Unable to Forward. (Attachments: # 1 Return Doc 08/18/2023) |
| | | Main Document | Mail Returned |
| | | Attachment 1 | Return Document #317 |
| 329 | Aug 25, 2023 | MOTION for Reconsideration re 327 Memorandum Order by Brandon Q Doe Kayla D McClusky. (Attachments: # 1 Supplements to Motion, # 2 Letter, # 3 (crt,Miletello, A) (Entered: 08/25/2023) |
| | | Main Document | Motion for Reconsideration |
| | | Attachment 1 | Supplements to Motion |
| | | Attachment 2 | Letter |
| | | Attachment 3 | Proposed order |
| | | Attachment 4 | Envelope |

B) The case was filed for an alleged petitioner who in their testimony has directly testified against having knowledge of a "family business" and in doing so, potentially denied the existence of the alleged victim, purportedly his wife, and

attempted to reference and go against the already decided and entered cases of at least three superseding districts, and no less than 5 Honorable Judges decisions, even posthumous.

C) The alleged petitioner has admitted on record that I'm not abusive, don't touch anyone, and has attempted to tell the The Honorable Judge Drake that I "make stuff up" while his testimony regarding a school beating where he watched me be beaten on a floor, and didn't assist, nor anything to help me except enter a police report after being told his lack of action while claiming he was my friend was deeply concerning.

D) In my opinion, the attempt to tell the Honorable Judge Drake that I "make stuff up" aligns with an attempt to falsely diagnose me as Bipolar, which the alleged petitioner, who has given up his 5th amendment rights, by entering evidence in court that no one else could have since he wasn't responded to after his two texts, and I already had him blocked even if he was messaging me.

E) In my opinion, the testimony from the alleged petitioner against the alleged victim would even violate, if they are married, marital communications privilege.

F) In my opinion, the way this case was filed prevents the alleged victim and alleged petitioner from receiving any civil relief at all since it was entered by falsely accessing information, and hidden under seal, also without any legal grounds, proven in confirmed pattern by the Honorable Judge Drake reaffirming the Honorable Judge Stoner's opinion to expunge a prior case by the Marion County Superior Court.

G) Importantly, in that prior case, each the defense and prosecution, and the judge, showed in actions my right to self defense, retained my right to appeal, retained my 2nd amendment rights and lifetime gun permit, and followed the immunity clause in Indiana's Self Defense laws for protecting another person in doing so in actions.

H) The alleged victim is not a law enforcement officer and left the Indianapolis Metropolitan Police Department allegedly after going against her chain of command.

I) The alleged victim is not a therapist, and had to be reported out of genuine concern for attempting to offer schedule 2 substances to myself in line with attempts to falsely interdict me, and only to protect the alleged victim and the alleged petitioner themselves against their own irresponsible actions and their own marital issues.

J) In my opinion, these issues belong between them, and their priest if they are Catholic, have nothing to do with us, just as I told them before cutting off contact months and months ago when their actions, along with the actions of the irresponsible plaintiffs referenced in the "School Lawsuit" which is otherwise irrelevant to this case, except to say that each of the parties have attempted to stop our marriage.

**K) Even now to the point of contacting our priest, and filing a court case so irresponsible and causing a swath of destruction so severe that even law enforcement, medical professionals, the EEOC, and honorable judges in the 5th District Court of Louisiana have suggested and accepted we civilly sue them, because they may be completely incapable of controlling themselves, yet are seemingly "control freaks."**

4



## Acknowledgment Letter



**eeoc@mail.custhelp.com**
to me ▾



Office of Field
Programs

Thank you for contacting the U.S. Equal Employment Opportunity Commission (EEOC).

Our agency enforces the federal laws that prohibit job discrimination based on race, color, religion, sex, national origin, age, disa

In response to your recent communication with our EEOC Intake Information Group (IIG), you were provided information about th
Equal Pay Act (EPA), require you to file a charge before you can file a lawsuit in court for unlawful employment discrimination.

**There are strict time limits for filing a charge of employment discrimination, and you must file a charge with the EEOC v**
and the EEOC will not take further action.

**If you wish to begin the charge process, please go to** https://publicportal.eeoc.gov/ which will allow you to complete a pre-cha

If you have any difficulty with the online portal, including scheduling an intake appointment, please call 1-800-669-4000 or email i

Additional information about the laws we enforce and our charge filing procedures is available on our web site at www.eeoc.gov.

Sincerely,


U.S. Equal Employment Opportunity Commission (EEOC)


**L) AN ATTEMPT TO FALSELY DIAGNOSE, INTERDICT, CONSERVATORSHIP, OR CAUSE ME ANY LOSS OF
CONSTITUTIONAL AND CIVIL RIGHTS WOULD BE AN ATTEMPT TO VIOLATE NOT ONLY HIPAA LAWS, BUT AN
ATTEMPT TO INVALIDATE THE ALREADY PRIVATELY DOCUMENTED DIAGNOSIS OF ME AS A FUNCTIONAL AUTISTIC
MAN WITH "ASPERGERS" SIMPLY, AUTISM.
M) MY DIAGNOSIS WAS PERFORMED BY THE SAME PH.D. PSYCHOLOGIST ORIGINALLY FROM LOUISIANA, WHO
THEN PRACTICED IN INDIANA, AND ASSISTED IN TRAINING INDIANA'S LAW ENFORCEMENT PROFESSIONALS,
VERIFIED EVEN AFTER EGREGIOUS ABUSE OF ME THAT I WAS NOT A THREAT NOR DISORDERED AND
RECOMMENDED AGAINST THE ATTEMPTED PROCEEDINGS.**

Steven J. Couvillion, Ph.D.   ABPdN.
Patricia M. Couvillion, Ph.D.
Jonni L. Gonso, Ph.D.
Melody N. Dilk, Ph.D., J.D.

Kevin Dugan, Ph.D.
Bonnie Pisano, Ph.D.

H. Jeffrey Davis, Ph.D.
Corby A. Bubp, Ph.D.
Keith B. Magnus, Ph.D.
Polly Shepard, Psy.D.

# INDEPENDENT MEDICAL EVALUATION
## PSYCHOLOGICAL EVALUATION

| | |
|---|---|
| Name: | Jon F. Turpin |
| Date of Birth: | 04-05-1990 |
| Dates Seen: | 11/06/2008, 12/04/2008, 12/22/2008, 1/15/2009, 2/9/2009 |
| Psychologist: | Steven J. Couvillion, Ph.D., ABPdN, HSPP |

## Biography:

Dr. Steven Couvillion earned a Ph.D. in Clinical Psychology from Florida State University in 1975. His pre-doctoral inter at IN U Medical Center, he developed and trained pediatric residents, Mental Health workers in a novel Behavioral, fa

In 1975, Dr. Couvillion became Director of Child and Adolescent Services for a six county Mental Health Center in Sou services to many families of outpatient populations in a newly established CMHC. In 1978, Dr. Couvillion returned wi supervised by Dr. Kathleen FitzhughBell. (This was one of the first Peds Post-Doctoral trainings in the US).

Since 1981, Dr. Couvillion, along with his staff of 10 psychologists, provided pediatric neuropsychology and a broad ra disabilities, ADHD, developmental and genetic disorders, autism and conduct and emotional problems. He served as intervention for children with special needs. Dr. Couvillion has been appointed by the courts as a special mediator for Bayh to the Indiana State Mental Health Commission for five years.

Through most of his career, Dr. Couvillion has been a Board Member of the IN Psychological Association, holding the members for continuing education credits, along with presentations in conjunction with the Indiana Bar Association, *BARROWS AWARD For Distinguished Contributions to Psychology over a Lifetime.*

*Dr. Steve Couvillion's current practice focuses on Forensic Evaluations and consultation and treatment of difficult case 1983. He is privileged to be married to psychologist Dr. Patricia Couvillion. Besides his professional work, golf, woodv Cajun speaking member of the American Board of Pediatric Neuropsychology.*

**N) THIS IS THE SAME PSYCHOLOGIST WHO ASSISTED A VAST MULTITUDE OF ABUSE VICTIMS IN HEALING FROM AND EXITING ABUSIVE, CONTROL FREAK SITUATIONS SUCH AS THE ONE ON DISPLAY BY THE ALLEGED PETITIONER, AND ALLEGED VICTIM, EVEN AGAINST THEIR OWN WORDS.**

THIS PHOTO IS OF THE ALLEGED VICTIM, OUTSIDE OF 1 MULBERRY ST, CAMBRIDGE CITY, IN



THE TOP SUBSECTION OF THE PHOTO BELOW IS OF THE ALLEGED PETITIONER, INSIDE OF 1 MULBERRY ST, CAMBRIDGE CITY, IN

THE BOTTOM SUBSECTION OF THE PHOTO BELOW HAS THE SIDE OF THE SAME CAR BEHIND THE ALLEGED PETITIONER

FOR REFERENCE.

**May a young man who works with you and your Dad just watch as you're beaten?**



**May a friend just watch a friend be punched over 35 times and choked on a cement floor?**

The alleged petioner's testimony in court went against his own words, which, during a time which Facebook was being monitored and free speech was benig violated on a scale so vast it required an injunction upon the Federal Government... may have allowed the alleged petitioner to access an expunged case fraudulently by attempting to falsely label me as a gun-violent, bipolar threat to society.
The alleged petioner's words were potentially so defamatory that others reached out to me in genuine concern that these allegations did not fit my character at all:



here

no





7:31

**Andrea Holwager**

Hey love. I know it's late, but I wanted to let you know I read those screenshots that you sent to Michael. I am still so sorry for everything you are going through. We are here to support you, but please be very cautious with using my name in a conversation. The reason I say this is if this were to

View all

My bad

I'll be honest that doesn't feel very supportive. However, I do understand where you're coming from and I wasn't thinking of it that way.

I'm sorry

We're still talking about the house

7:31

**Andrea Holwager**

Hey love. I know it's late, but I wanted to let you know I read those screenshots that you sent to Michael. I am still so sorry for everything you are going through. We are here to support you, but please be very cautious with using my name in a conversation. The reason I say this is if this were to escalate to a court case (which hopefully it does not), my name brought into it can slow me down/prevent me from getting my license (since I do not have it yet). Sadly, the licensure process slows dramatically if your name gets associated with a case (as a lot of background checks are run throughout this process).

THE ALLEGED PETITIONER SAYS I HAVE SLEEPING PROBLEMS WHEN IT'S THE ALLEGED VICTIM COMPLAINING ABOUT THEM, AND THE ALLEGED PETITIONER AND VICTIM ATTEMPTING TO FILE A PROTECTIVE ORDER AGAINST THEIR OWN WORDS:

7:30                       37%

‹   **Andrea Holwager**

 I haven't been able to sleep yet, but wanted to let you know I'm thinking about you and worried. Just know you always have a safe place here.

Moving tomorrow. Just have to make it through tonight and Josh and I are getting a moving truck tomorrow

 Just know I'm here for you guys, and if you need to escape, you're always welcome here, and that includes Josh. While my house may not be the biggest, it has more than enough room for everybody and their animals. We'll make it work.

I want your advice. Do you think Erin and I can even live in Cambridge City after my parents

15

12:23

**Andrea Holwager**

The officer informed your parents many disputing families are currently trying to use protective/ restraining orders as a way "attack" another family member when the actual qualifications for a restraining/ protective order have NOT been met.

As a result, improperly requesting a restraining/ protective order sadly clogs up the court systems and prevents those who truly need one from obtaining it quickly. As a result, the judges want the requests for restraining/protective orders to be used when needed (which is there intended purpose), NOT simply for acting vengeance against a family member, such as trying to file a restraining order/protective order against a family member first when qualifications have not been met.

To sum it up, protective/restraining orders should only be used when absolutely necessary, and having frivolous ones filed is not good since slows it down the process for those who truly need it.

2. The case was filed under seal, by an attorney with a criminal background and record of wrongfully filing cases under seal, in a county which has no jurisdiction, during a time in our country when the president himself, our Honorable Joseph R. Biden, Jr., and even other members of the executive branch are not currently allowed to even have potential pseudonyms on emails under seal. Since the only possible confidential information in this case was my expungement or anything else the alleged victim and alleged petitioner may attempt to access, why is it still under seal? I've attached the letters referencing my character which were supplied for my expungement to show opinions of others, but the alleged victim, alleged petitioner, and their alleged attorney should have no access to this information because witnesses are concerned after the actions of the alleged petitioner and alleged victim along with the original irresponsible plaintiffs in the "School Lawsuit" case, which is outside of this jurisdiction and already being reviewed to be closed in its entirety with prejudice by a superseding court.

**Yorktown Police Property**

Case #: 2023-05451
PE #: 053
Item # : 9
Date: 06/28/2023
Victim: Jon F. Turpin
Suspect:
Description: 1) Gray & Black Sentry Safe w/painting, cut gun lock x2, power cord, white stuffed animal, xtreme garage door opener, Brinks cut locks x3, Dell power supply, Scandisk, team group Hard drive, Samsung smart phone & misc. papers (approx. 600-700 pages

- Jon Turpin.pdf
- Letters 000.pdf
- Letters 001.jpg
- Letters 002.jpg
- Letters 003.jpg
- Letters 004.jpg
- Letters 005.jpg
- Letters 006.jpg
- Letters 007.jpg
- Letters 008.jpg
- Letters 009.jpg
- Letters 010.jpg
- Letters 011.jpg
- Letters 012.jpg

- Letters 013.jpg
- Letters 014.jpg
- Letters 015.jpg
- Letters 016.jpg
- Letters 018.pdf

# IN RE: Ronald J. MOORE. (2001)

Supreme Court of Indiana.

IN RE: Ronald J. MOORE.

No.  89S00-0105-DI-230.

Decided: October 17, 2001

Ronald E. Elberger,Bose, McKinney & Evans, L.L.P., Indianapolis, IN, for the Respondent. Donald R. Lundberg, Executive Secretary, Laura Iosue, Staff Attorney, Indianapolis, IN, for the Indiana Supreme Court Disciplinary Commission.

DISCIPLINARY ACTION

Attorney Ronald J. Moore retained for personal use nearly $20,000 in legal fees in contravention of an agreement which required him to remit such fees to his law firm.   To conceal his misconduct, he lied about the fees to other attorneys in the firm.   Today we approve a Statement of Circumstances and Conditional Agreement for Discipline between the respondent and the Indiana Supreme Court Disciplinary Commission, which calls for his suspension from the practice of law for this misconduct.   See Ind. Admission and Discipline Rule 23, Section 11.

Having been admitted to the bar of this state in 1997, the respondent is subject to our disciplinary jurisdiction.

The facts are undisputed.   Two months after graduating from law school in 1997, the respondent was hired as an associate lawyer by a Richmond, Indiana, law firm.   The firm and the respondent agreed that the respondent would be paid a salary, that all legal work he performed would be as an agent of the firm, and that all fees he earned would belong to the firm.   The respondent's salary was $600 per week from August 4, 1997, until his bar admission on November 3, 1997; $800 per week from November 4, 1997, through December 31, 1998; $900 per week for the 1999 calendar year, with a $4,000 year-end bonus; and $1,000 per week for the 2000 calendar year.

For about 18 months, the respondent's duties at the firm included handling criminal appeals as an appellate public defender for Wayne County.   During the course of the public defender contract, the respondent received $11,900 from Wayne County in checks made payable to him.   The respondent deposited the checks into his personal bank account and never remitted any of those fees to the firm.   At least twice in 1999, members of the firm confronted the respondent about the absence of fees from his public defender work.   The respondent told them that he had not been paid yet by Wayne County.   By April 2000, members of the firm became so suspicious of the respondent's assertions that they contacted the Wayne County Auditor's Office.   They discovered that the respondent had been receiving payments for the public defender work for approximately 18 months.   On April 13, 2000, members of the firm confronted the respondent with this information. He admitted he had retained the money.   He also disclosed that he had represented clients charged with drunk driving, charged each $750 for the representation, and deposited all of the fees into his personal bank account, instead of turning them over to the firm as he was required.   To avoid detection, the respondent did not enter these cases into the firm's case management system and required the clients pay him directly.   The fees improperly retained by the respondent from the public defender contract and from the ten drunk driving clients totaled $19,400.

We find that, by his theft of funds that pursuant to agreement belonged to the law firm, the respondent violated Ind. Professional Conduct Rule 8.4(b), which provides that an attorney commits professional misconduct when engaging in a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects.   We also find that by lying to his colleagues about those fees, the respondent violated Prof.Cond.R. 8.4(c), which provides that a lawyer commits professional misconduct when engaging in conduct involving dishonesty, fraud, deceit or misrepresentation.

Given our finding of misconduct, we must determine an appropriate discipline.   The parties agree that an 18-month suspension from the practice of law is warranted.   In determining appropriate discipline, we consider the misconduct, the respondent's state of mind underlying the misconduct, the duty of this court to preserve the integrity of the profession, the risk to the public in allowing the respondent to continue in practice, and any mitigating or aggravating factors.   Matter of Mears, 723 N.E.2d 873 (Ind.2000).

In mitigation, the parties agree that the respondent paid the firm $20,000, which included the fees he wrongfully retained plus interest, within one month after his wrongdoing was discovered and before any disciplinary investigation was pending.   The respondent underwent counseling and has satisfied the personal financial obligations which contributed to his decision to commit the misconduct.   Joined by members of his firm, the respondent voluntarily reported his misconduct to the Disciplinary Commission.   He also has met individually with the judges in Wayne County and with members of the Wayne County Bar Association to admit his misconduct.

In aggravation, the parties note the respondent planned his conversion of funds and perpetuated this scheme for at least 18 months by lying about it on two occasions when members of the firm confronted him.   The parties further agree the respondent's actions demonstrate a pattern of misconduct both in terms of the types of funds he converted-both public defender contract checks and funds from ten clients-and in the repetitive nature of his actions.   The parties also note the respondent's actions were motivated by personal financial stress and occurred shortly after he graduated from law school when he was earning from $41,600 to $52,000 annually.

In a similar case, we suspended an attorney who retained fees belonging to the attorney's firm. Matter of Miller, 730 N.E.2d 171 (Ind.2000).   Given the respondent's carefully planned and executed deception in this case, we conclude that the agreed suspension is appropriate.

Accordingly, the respondent, Ronald J. Moore, is hereby suspended from the practice of law for not fewer than eighteen (18) months, beginning November 19, 2001, at the conclusion of which he shall be eligible to petition for reinstatement pursuant to Admis.Disc.R. 23(4).

The Clerk of this Court is directed to provide notice of this order in accordance with Admis.Disc.R. 23(3)(d) and to provide the Clerk of the United States Court of Appeals for the Seventh Circuit, the Clerk of each of the United States District Courts in this state, and the Clerk of each of the United States Bankruptcy Courts in this state with the last known address of the respondent as reflected in the records of the Clerk.

Costs of this proceeding are assessed against the respondent.

PER CURIAM.

**3. This is potentially against the Indiana Bar Code of Ethics with potentially violated sections highlighted below, but in a non-exhaustive way:**

Download Rules in MS Word Format                    Download Rules in Adobe PDF Format

## Indiana Rules of Court
# Rules of Professional Conduct

*Including Amendments made through January 1, 2023*

**TABLE OF CONTENTS**

PREAMBLE: A LAWYER'S RESPONSIBILITIES
SCOPE
Rule 1.0. Terminology
**Rule 1.1. Competence**
**Rule 1.2. Scope of Representation and Allocation of Authority Between Client and Lawyer**
**Rule 1.3. Diligence**
**Rule 1.4. Communication**
**Rule 1.5. Fees**
**Rule 1.6. Confidentiality of Information**
**Rule 1.7. Conflict of Interest: Current Clients**
**Rule 1.8. Conflict of Interest: Current Clients: Specific Rules**
Rule 1.9. Duties to Former Clients
Rule 1.10. Imputation of Conflicts of Interest: General Rule
**Rule 1.11. Special Conflicts of Interest for Former and Current Government Officers and Employees**
**Rule 1.12. Former Judge, Arbitrator, Mediator or Other Third-Party Neutral**
Rule 1.13. Organization as Client
**Rule 1.14. Client with Diminished Capacity**
Rule 1.15. Safekeeping Property
**Rule 1.16. Declining or Terminating Representation**
Rule 1.17. Sale of Law Practice
Rule 1.18. Duties to Prospective Client
Rule 2.1. Advisor
Rule 2.2. Intermediary

Rule 2.3. Evaluation for Use by Third Persons
Rule 2.4. Lawyer Serving as Third-Party Neutral
Rule 3.1. Meritorious Claims and Contentions
**Rule 3.2. Expediting Litigation**
Rule 3.3. Candor Toward the Tribunal
**Rule 3.4. Fairness to Opposing Party and Counsel**
Rule 3.5. Impartiality and Decorum of the Tribunal
Rule 3.6. Trial Publicity
Rule 3.7. Lawyer as Witness
Rule 3.8. Special Responsibilities of a Prosecutor
Rule 3.9. Advocate in Nonadjudicative Proceedings
**Rule 4.1. Truthfulness in Statements to Others**
Rule 4.2. Communication with Person Represented by Counsel
Rule 4.3. Dealing with Unrepresented Persons
Rule 4.4. Respect for Rights of Third Persons
Rule 5.1. Responsibilities of a Partner or Supervisory Lawyer
Rule 5.2. Responsibilities of a Subordinate Lawyer
Rule 5.3. Responsibilities Regarding Nonlawyer Assistants
Rule 5.4. Professional Independence of a Lawyer
Rule 5.5. Unauthorized Practice of Law; Multijurisdictional Practice of Law
Rule 5.6. Restrictions on Right to Practice
Rule 5.7 Responsibilities Regarding Law-Related Services
Rule 6.1. Pro Bono Publico Service
Rule 6.2. Accepting Appointments
Rule 6.3. Membership in Legal Service Organization
Rule 6.4. Law Reform Activities Affecting Client Interests
Rule 6.5 Nonprofit and Court-Annexed Limited Legal Services Programs
Rule 6.6. The Coalition For Court Access
Rule 6.7 Requirement for Reporting of Direct Pro Bono Legal Services
Rule 7.1. Communications Concerning a Lawyer's Services
Rule 7.2. Advertising
Rule 7.3. Direct Contact with prospective Clients
Rule 7.4. Communication of Fields of Practice and Specialization
Rule 7.5. Firm Names and Letterheads
**Rule 8.1. Bar Admission and Disciplinary Matters**
Rule 8.2. Judicial and Legal Officials
**Rule 8.3. Reporting Professional Misconduct**
**Rule 8.4. Misconduct**
Rule 8.5. Disciplinary Authority; Choice of Law
USE OF NON-LAWYER ASSISTANTS
   Introduction
   Guideline 9.1. Supervision
   Guideline 9.2. Permissible Delegation
   Guideline 9.3. Prohibited Delegation
   Guideline 9.4. Duty to Inform
   Guideline 9.5. Identification on Letterhead
   Guideline 9.6. Client Confidences
   Guideline 9.7. Charge for Services
   Guideline 9.8. Compensation
   Guideline 9.9. Continuing Legal Education
   Guideline 9.10. Legal Assistant Ethics

3. The case filed by the alleged plaintiffs is currently against  against T.R. 41, with the following potential violations highlighted in **BOLD**:

Rule 41 - Dismissal of actions**(A)** Voluntary dismissal: Effect thereof**(1)***By plaintiff - By stipulation.* Subject to contrary provisions of these rules or of any statute, an action may be dismissed by the plaintiff without order of court:**(a)** by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs; or**(b)** by filing a stipulation of dismissal signed by all parties who have appeared in the action.

Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based on or including the same claim. The provisions of this subdivision shall not apply if the plaintiff in such action could not effectuate service of process, or otherwise procure adjudication on the merits.

**(2)***By order of court.* **Except as provided in subsection (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. If a counterclaim or cross-claim has been pleaded by a defendant prior to the service upon him of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim or cross-claim can remain pending for independent adjudication by the court. Unless otherwise specified in the order, a dismissal under this subsection is without prejudice.(B) Involuntary dismissal: Effect thereof. After the plaintiff or party with the burden of proof upon an issue, in an action tried by the court without a jury, has completed the presentation of his evidence thereon, the opposing party, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the weight of the evidence and the law there has been shown no right to relief. The court as trier of the facts may then determine them and render judgment against the plaintiff or may decline to render any judgment until the close of all the evidence. If the court renders judgment on the merits against the plaintiff or party with the burden of proof, the court, when requested at the time of the motion by either party shall make findings if, and as required by Rule 52(A). Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision or subdivision (E) of this rule and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, operates as an adjudication upon the merits.**

**(C)** Dismissal of counterclaim, cross-claim, or third-party claim. The provisions of this rule apply to the dismissal of any counterclaim, cross-claim, or third-party claim. A voluntary dismissal by the claimant alone pursuant to subsection (1) of subdivision (A) of this rule shall be made before a responsive pleading is served or, if there is none, before the introduction of evidence at the trial or hearing.

**(D)** Costs of previously-dismissed action. If a plaintiff who has once dismissed an action in any court commences an action based upon or including the same claim against the same defendant, the court may make such order for the payment of costs of the action previously dismissed as it may deem proper and may stay the proceedings in the action until the plaintiff has complied with the order.

**(E) Failure to prosecute civil actions or comply with rules. Whenever there has been a failure to comply with these rules or when no action has been taken in a civil case for a period of sixty [60] days, the court, on motion of a party or on its own motion shall order a hearing for the purpose of dismissing such case. The court shall enter an order of dismissal at plaintiff's costs if the plaintiff shall not show sufficient cause at or before such hearing. Dismissal may be withheld or reinstatement of dismissal may be made subject to the condition that the plaintiff comply with these rules and diligently prosecute the action and upon such terms that the court in its discretion determines to be necessary to assure such diligent prosecution.**

**(F)** Reinstatement following dismissal. For good cause shown and within a reasonable time the court may set aside a dismissal without prejudice. A dismissal with prejudice may be set aside by the court for the grounds and in accordance with the provisions of Rule 60(B).

*Ind. R. Trial. P. 41*

Amended Nov. 3, 1981, effective 1/1/1982; amended Oct. 29, 1993, effective 1/1/1994.

U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

SEP 29 2023

TONY R. MOORE, CLERK
BY: _____ *MB*
    DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

STATE OF MISSOURI ET AL

VERSUS

JOSEPH R BIDEN JR ET AL

CASE NO. 3:22-CV-

JUDGE TERRY A. [

MAG. JUDGE KAY

Dear Honorable Judge Doughty and Ho

In my opinion, the proceedings in 8

may have no legal grounds, as the

have been filed in a way which

immunity by the Honorable Judge D

the only potential grounds available

to potentially be filed, which, ev

in full, according to the actions of

T d.e Stoner affirmed in action

24

In my opinion, the case was filed in [...]
the only possible conclusion is that it w[...]
to falsely, fictitiously, and fraudulently, viola[...]
civil, religious rights and rites, and an at[...]
our Catholic Marriage and vows under G[...]
In my opinion, none of this fraudulently att[...]
Violation, is in the jurisdiction of the Wa[...]
Court, and with the accepted postponement, [...]
will already be half past the offered and [...]
causing a situation where even if the [...]
served" would already negate the possib[...]
In my opinion if you request the tra[...]
case, you may review if the alleged peti[...]
against the alleged victim, negating pote[...]
case in our favor at 100%.



Sincerely,

Jon F. D. Turpin, Pro Se, Pro Hac Vice